IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:23cr164 |
| | ) | **Electronic Filing** |
| **MARQUES COFFEY** | ) | |

**OPINION**

On July 25, 2023, a grand jury returned a three-count indictment against Marques Coffey ("Coffey" or "defendant") charging him at Count One with possession with the intent to deliver a quantity of fentanyl, on or about March 4, 2023, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); at Count Two with knowingly using and carrying a firearm during and in relation to a drug trafficking crime, and knowingly and unlawfully possessing a firearm in furtherance of the drug trafficking crime, on or about March 4, 2023, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and at Count Three with knowingly and unlawfully possessing a machinegun as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), and which is further described as an "automatic conversion kit/switch," commonly known as a "Glock switch/' affixed to the rear of the slide of a Glock Model 17 Gen 3, 9mm caliber pistol bearing serial number HWN332, on or about March 4, 2023, in violation of 18 U.S.C. § 922(o)(1).  Presently before the court are defendant's pretrial motions to Provide Notice of Rule 404(b) and Rule 609 Evidence and to Preserve Rough Notes.  For the reasons set forth below, the motions will be granted in part and denied in part.

Defendant moves for timely notice of any prior bad acts and past criminal convictions the government intends to introduce pursuant to Rules 404(b) and 609.  Specifically, he moves for a "a statement containing the nature, dates, and places of occurrences of any criminal offenses or

acts of misconduct other than those specified in the Indictment that the government will attempt to prove at trial, and the purpose for which the government will seek to admit such evidence." Motion to Provide Notice of Evidence (Doc. No. 44) at p. 1.  This includes notice of any offenses that the government intends to use to impeach defendant should he elect to take the stand.  Id.  Defendant moves for any "notice be provided at least 30-days prior to trial."  Id.  All of this is supposedly needed "in order to meaningfully assert his constitutional rights to due process, confrontation, compulsory process and the effective assistance of counsel."  Id. at ¶ 3.  Finally, he requests a pretrial hearing to determine the admissibility of any evidence provided in the notice.  Id. at ¶ 4.

The government responds that a trial has not been scheduled, but when a date is set, the government will be prepared to meet its obligations under Rule 404(b).  It asserts that defendant's request for notice at least 30 days in advance of trial is well beyond the Rule's requirement of reasonable notice and requests that it be permitted to provide notice 14 days prior to trial.  It notes that its intentions regarding the use of such evidence may change "as the full measure of proof and possible defenses crystalize."  Government Response (Doc. No. 47) at 20.  And to the extent the government seeks to introduce such evidence, it requests that any issues as to admissibility be resolved at the time of trial when the factual context will be more fully developed.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial.  Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of the general nature of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes as "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes. Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such evidence." Fed. R. Evid. 609(b). There is no similar

disclosure requirement under Rule 609(a).[1] Consequently, the court can only order the government to provide advanced written notice of its intent to proffer Rule 609(b) evidence.

The government has not indicated whether it is aware of any conviction falling within the ambit of Rule 609(b). It has provided defendant with a "copy" of his criminal history as part of its Rule 16 disclosures and indicates that to the extent it intends to use any prior conviction falling under Rule 609(b), it will provide notice of that intent at the same time it provides notice under Rule 404(b), at least fourteen days prior to trial. The court finds that such disclosure will be adequate to protect defendant's rights to due process and provide a fair opportunity for him to meet the evidence in an effective manner under the circumstances. Consequently, it will grant defendant's motion to the extent it seeks such relief.

Defendant also requests a pretrial hearing to determine the admissibility of any Rule 404(b) or Rule 609(b) evidence the government identifies in its notice. Defendant notes that such a hearing will provide a timely and orderly way to assure the prerequisites for admissibility are present and any potential undue prejudice from the use of such information properly is weighed under Rule 403. The government opposes such a request as unnecessary and premature because a trial date has not been set.

It is well settled that a court is not required to hold a pre-trial hearing on the admissibility of Rule 404(b) and Rule 609(b) evidence simply because a defendant requests one. See, e.g., United States v. Blackwell, 954 F. Supp. 944, 969 (D. N.J. 1997) (generally, ruling on the admissibility of any particular piece of evidence under Rule 404(b) during the course of trial sufficiently safeguards the defendant's rights). One reason for this is that the defendant's actual

---

[1] Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

testimony often is necessary to conduct any proper balancing when it comes to the use of impeachment evidence such as a prior conviction under Rule 609(a).  See Luce v. United States, 469 U.S. 38, 41 (1984) (noting the difficulty of reviewing evidentiary rulings made outside the trial record, particularly "under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant.  To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.").  And this component of an adequate review generally is likely to arise as to any of the types of evidence identified in the government's notice.

Here, it is premature to determine whether a pretrial hearing will be appropriate to resolve any issues as to the admissibility of any conduct identified in the government's notice. Consequently, the motion will be denied to the extent it seeks such a hearing as a matter of course.

Defendant also requests an order directing all government agents and law enforcement officials involved in any aspect of this case to preserve all rough notes made during the course of the investigation, defendant's arrest and the documenting of any statements made by him at the time of his arrest.  He further requests that any such materials be, at a minimum, reviewed by the court for favorable statements or information.

The government indicates it is cognizant of its obligations as to rough notes and it has and will continue to comply with those obligations.  It argues that defendant's motion runs the risk of requiring premature disclosure and permitting defendant to do an end-run around the disclosure limitations in the Jencks Act.[2]  Nevertheless, the government indicates that it will provide

---

[2] The Jencks Act provides that any statement or report made by a government witness which

disclosure of any Jencks Act material seven days prior to trial.  It thus asserts that defendant's motion should be denied as moot.

In United States v. Vella, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady . . . or the Jencks Act." Id. at 276.  In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor.  Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced." Id. at 259.  The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases." Id. at 260 (citations omitted).

Defendant's request for an order requiring all government agents and law enforcement

---

relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination.  See 18 U.S.C. § 3500(b).  It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination.  See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978).  Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial.  See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140.  The government has agreed to follow the customary practice in this District and disclose any Jencks Act one week prior to trial.

officers to preserve their rough notes and writings will be granted. Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady and/or the Jencks Act. To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court. To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of Brady and/or the Jencks Act.

For the reasons set forth above, defendant's pretrial motions will be granted in part and denied in part. An appropriate order will follow.

Date: January 10, 2025

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              Senior United States District Judge

cc:     Nicole A. Stockey, AUSA
         Gabrielle I. Lee, AFPD

         United States Marshals Office
         United States Probation Office

         (*Via CM/ECF Electronic Filing*)